UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIGITAL SIN, INC., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1 - 41, )<br>)<br>      Defendants. )<br>_____ ) | Civil Action No. 12-10946-DJC |

## ORDER

**Casper, J.**                                                                                                                                               August 17, 2012

     Upon consideration of the Complaint, Plaintiff's Emergency Motion For Early Discovery, Plaintiff's memorandum in support of the motion, and the Declaration of Jon Nicolini and the other exhibits attached to the Complaint, the Court FINDS as follows:

     Plaintiff Digital Sin, Inc. ("Plaintiff") has filed a lawsuit in this Court against Defendants "Does 1-41," persons as yet unidentified (but, as alleged by Plaintiff, persons who are believed to reside in Massachusetts);

     In the complaint, Plaintiff alleges that Defendants "Does 1-41" engaged in copyright infringement, pursuant to 17 U.S.C. § 101 *et seq.*, by uploading and/or downloading and distributing Plaintiff's motion picture, an original work that is copyrighted, on the Internet; and

     Having considered the relevant factors for considering a motion for expedited discovery to identify as yet unidentified Internet users, see Sony Music Enter. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004), the Court concludes that Plaintiff has made a prima facie showing of actionable harm; Plaintiff's discovery request is reasonably specific and otherwise limited by the terms of this Order; Plaintiff's action cannot otherwise go forward without the Identifying Information, as defined below; and given the limited scope of the Identifying Information and the limited use of such Identifying Information that this Order permits, the privacy interests of "Does 1-41" in this Identifying Information must yield to Plaintiff's inability to get this information from any other source.

     Accordingly, the Court grants Plaintiff's motion, but declines to enter Plaintiff's proposed order in the form it seeks. Instead, the Court **ORDERS** as follows:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on the Internet Service Providers, namely Comcast Cable and Verizon Internet Services ("ISPs") identified in Exhibit A to the Complaint to obtain the name, address (present and at the time of the alleged infringement), e-mail address, Media Access Control ("MAC") address or similar information suitable only to identify "Does 1 to 41" in this case ("Identifying Information");

2. Plaintiff must serve a copy of this Order on the ISPs attached to the subpoena;

3. The subpoena shall instruct the ISPs to distribute a copy of this Order to each of the "Does 1 to 41" within seven days of service of the subpoena;

4. Plaintiff shall cover any costs that the ISPs charge for locating and producing the Identifying Information;

5. Plaintiff shall use the Identifying Information obtained by this subpoena solely for the purpose of identifying "Does 1-41" against whom it has brought claims in this matter. Any such Identifying Information subsequently filed with this Court shall conform to Fed. R. Civ. P. 5.2 and Local Rule 5.3;

6. The ISPs are authorized, pursuant to 47 U.S.C. § 551(c)(2)(B), to comply with the subpoena subject to the conditions set forth in this Order;

7. Each ISP shall have 20 days from the service of the subpoena to move to quash or otherwise object to the subpoena. Defendants "Does 1-41" each shall have 30 days from service of the subpoena on him or her to move to quash or otherwise object to the subpoena. If neither the ISP nor the defendant so moves or objects within these time periods, the ISP shall serve the Identifying Information on Plaintiff within 35 days after the ISP served the subpoena on the defendant; and

8. If any timely motion(s) to quash or otherwise object is filed, the ISP shall preserve the Identifying Information pending resolution of such motion(s) by the Court.

So ordered.

*Denise J. Casper*
Denise J. Casper
United States District Judge

August 17, 2012